446

■ JAMES M. HEALY, Individually, and as Administrator of the Estate of KENNETH HEALY, Deceased, Respondent, v. CITY OF NEW ROCHELLE, Defendant, and JOHN M. WALSH et al., Appellants.— In an action to recover damages for the wrongful death of plaintiff's intestate, a boy 4 years and 9 months of age, the individual defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County, entered March 30, 1965 after a jury trial, as is in favor of plaintiff against them. The jury's verdict for $48,000 was reduced by plaintiff's stipulation to $22,500, in compliance with the condition in the order of the trial court, made upon said defendants' motion for a new trial. Judgment, insofar as appealed from, affirmed, with costs. The infant, concededly a trespasser on residence premises under the appellants' control, was drowned when he fell through the ice on a swimming pool in the rear of the premises. It appears that the premises were in close proximity to a large apartment house development and a playground used by the children living there; and that children were accustomed to play in a wooded area adjacent to appellants' property. It also appears that under the governing zoning ordinance, a swimming pool was a permitted use only when allowed by the Board of Appeals by special permit; that under the zoning ordinance the Board of Appeals could require, as a condition for the issuance of such permit, that a fence or wall be erected around the swimming pool; that the Board of Appeals in fact granted appellant Walsh a special permit upon the condition, among others, that a " 4' fence  *   *   *  be erected around the pool  *   *   * together with a gate, and gate must be properly locked when pool is not in use "; and that the pool was constructed without the fence or gate and without first obtaining the necessary building permit. It is our opinion that the failure to comply with the Board of Appeals' direction with respect to the fence and gate was some evidence of negligence which the jury could take into consideration with all the other evidence on the subject (cf. *Major* v. *Waverly & Ogden*, 7 N Y 2d 332, 336; *Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20) and that, under the facts and circumstances presented, the jury could properly find that appellants' failure to comply with that requirement was tantamount to the infliction of intentional, willful and wanton injury and the creation of a trap, subjecting them to liability even to a trespasser (cf. *Mayer* v. *Temple Props.*, 307 N. Y. 559; *Runkel* v. *City of New York*, 282 App. Div. 173; *Runkel* v. *Homelsky*, 286 App. Div. 1101, affd. 3 N Y 2d 857). Cases such as *Breeze* v. *City of New York* (249 App. Div. 856, affd. 275 N. Y. 528) and *Meyer* v. *Pleshkopf* (251 App. Div. 166, affd. 277 N. Y. 576), relied upon by appellants, are distinguishable, in that those cases did not involve the failure to comply with a condition such as that prescribed by the board in the instant case. We are also of the opinion that no reversible error was presented by the charge of the court and that the verdict, as reduced, was not excessive. Brennan, Rabin, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., not voting.